IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONALD JERMAINE JACKSON,

        Petitioner,

v.

T. LILLARD,
Warden of FCI Greenville,

        Respondent.

Case No. 3:24-CV-2687-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Second Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 8) and accompanying Motion for Preliminary Injunction (Doc. 2) and Motion for Expedited Evidentiary Hearing (Doc. 7) filed by Petitioner Ronald Jermaine Jackson.

Pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) authorizes district courts to apply the Rules to other habeas corpus cases. Upon conducting preliminary review of Jackson's Petition, the Court concludes that this case must be dismissed.

## BACKGROUND

On July 16, 2019, Jackson was indicted in the District of Minnesota for Interference

with Commerce by Robbery in violation of 18 U.S.C. §§ 2 and 1951 (Count 1) and Using, Carrying and Brandishing a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii) (Count 2). *United States v. Jackson*, No. 19-CR-185-SRN-KMM-1, at Doc. 1. Following a bench trial, Jackson was convicted on both counts of the Indictment. *Id.* at Doc. 258. He was sentenced to 57 months' imprisonment on Count 1 and 84 months on Count 2, to be served consecutively, for a total term of 141 months' imprisonment. *Id.* at Doc. 487. Jackson's conviction and sentence were affirmed on appeal. *United States v. Jackson*, No. 21-2451, 2022 WL 6861556 (8th Cir. Oct. 12, 2022).

Jackson subsequently filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, which was denied in October 2023. *United States v. Jackson*, No. 19-CR-185 (SRN/KMM), 2023 WL 7017780 (D. Minn. Oct. 25, 2023). The District of Minnesota also denied Jackson's Rule 60 Motion for Relief from Judgment, *United States v. Jackson*, No. CR 19-185 (SRN), 2025 WL 441710 (D. Minn. Feb. 10, 2025), and declined to issue a Certificate of Appealability, *United States v. Jackson*, No. CR 19-185 (SRN), 2025 WL 692151 (D. Minn. Mar. 4, 2025).

Since the denial of his § 2255, Jackson has filed a flurry of additional habeas corpus cases in an effort to attack his conviction and sentence through collateral means. *See Jackson v. Lillard*, No. 24-cv-1225-SMY (S.D. Ill. May 6, 2024), *Jackson v. Lillard*, No. 24-cv-1539-JPG (S.D. Ill. June 20, 2024), *Jackson v. Lillard*, No. 24-cv-1690-NJR (S.D. Ill. Oct. 24, 2024). He makes virtually the same arguments in each. In this case, as in the others, Jackson asserts he is being held in the Bureau of Prisons without a properly drawn Fourth

Amendment warrant, his sentence is void for want of jurisdiction because his charges were not presented in an Indictment, the same offense conduct was used to support both Count 1 and Count 2 of the Indictment, in violation of the Double Jeopardy clause, and he was sentenced on charges that he was not informed of, in violation of his constitutional right to due process. (Doc. 8 at pp. 6-7).

## OPERATIVE PETITION

As a preliminary matter, Jackson initially filed his petition on December 23, 2024. (Doc. 1). He filed a Second Amended Petition 21 days later, on January 13, 2025. (Doc. 8). This was permissible under the Rules Governing Section 2254 Cases, which incorporates the Federal Rules of Civil Procedure. Under Rule 15(a) of the Federal Rules, "[a] party may amend its pleading once as a matter of course no later than (A) 21 days after serving it." FED R. CIV. P. 15(a). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED R. CIV. P. 15(b).

Because Jackson did not seek leave of court to further amend his petition, his six additional amendments (Docs. 9, 11, 12, 13, 14, 15) are hereby **STRICKEN**. The Court addresses the Second Amended Petition as the operative petition in this matter.

## DISCUSSION

An inmate may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). But if the inmate is claiming his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

collateral attack, he must file a motion under 28 U.S.C. § 2255. Such a collateral challenge to a sentence must be made in the district of the inmate's conviction. *Franklin v. Keyes*, 30 F.4th 634, 638 (7th Cir. 2022) ("A § 2255 motion is the default—and usually the exclusive—vehicle for federal prisoners to seek collateral relief."); *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019).

Furthermore, a prisoner is limited to one § 2255 motion and may only be permitted to file a second or successive motion if there is "newly discovered evidence" or "a new rule of constitutional law." § 2255(h). Prisoners cannot use § 2241 as an end-run around this requirement. *Jones v. Hendrix*, 599 U.S. 465, 469 (2023). "Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied." *Id.* at 477-78.

As three judges in this district, including the undersigned Chief District Judge, have explained, Jackson's arguments that his sentence was imposed in violation of the Constitution and that the district court was without jurisdiction to impose his sentence must be brought in a § 2255 motion. The relief he is seeking is not available under § 2241.[1]

Jackson has been informed of these requirements at least three times in this district alone, including once by the undersigned Chief District Judge. Yet, he continues to file petition after petition, undeterred by the Court's warnings and unfazed by the prior

---

[1] To the extent Jackson's argument that he was detained without a valid Fourth Amendment warrant falls within the province of § 2241, the record reflects that Jackson was arrested on a validly issued warrant based on the Indictment that was returned by a Grand Jury. *United States v. Jackson*, Case No. 19-cr-185-SRN-KMM, at Docs. 1, 3, 14. Jackson was then detained in the custody of the U.S. Marshal following a detention hearing. *Id.* at Doc. 27. Jackson remained validly detained by the U.S. Marshal throughout trial and sentencing, after which he entered BOP custody. *Id.* at Doc. 487.

rejections of his arguments. Indeed, just three weeks ago, Jackson filed a new habeas corpus action, again claiming the same grounds for relief, before another district judge in the Southern District of Illinois. *See Jackson v. Lillard*, Case No. 25-cv-542-DWD.

This must stop. The undersigned previously warned Jackson that his continued filing of duplicative and frivolous actions in this Court may result in the imposition of sanctions consistent with *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997). Jackson ignored that warning. The Court therefore imposes the sanction endorsed by the Seventh Circuit Court of Appeals in *Alexander*: any future habeas corpus petition filed by Jackson will be deemed rejected, without the need for judicial action, 30 days after its filing, unless the court orders otherwise. *See Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997). The Court will read any future petition that Jackson files, though the Court will not necessarily enter an order addressing it. This will "reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention." *Id.*

## CONCLUSION

For these reasons, the Second Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 8) filed by Petitioner Ronald Jermaine Jackson is **DISMISSED with prejudice**. Jackson's Motion for Preliminary Injunction (Doc. 2) and Motion for Expedited Evidentiary Hearing (Doc. 7) are **DENIED**.

The Clerk of Court is **DIRECTED** to strike the Third, Fifth, Sixth, Seventh, Eighth, and Tenth Amended Petitions (Docs. 8, 9, 11, 12, 13, 14, 15).

Jackson is **SANCTIONED** as follows:

Any further habeas corpus petitions filed by Jackson will be deemed rejected 30 days after their filing unless the Court orders otherwise. If, despite this sanction, Jackson opens another habeas action, he must attach this Order to any petition he files.

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

## NOTICE

It is not necessary for a petitioner to obtain a certificate of appealability from the disposition of a § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Jackson wishes to appeal the dismissal of this action, he must file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B)(iii). Jackson must list each issue he intends to appeal in the notice of appeal and in his motion for leave to appeal *in forma pauperis*, if he chooses to file one. *See* FED. R. APP. P. 24(a)(1)(C). If Jackson chooses to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED: April 29, 2025**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**